FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2013 APR -8 P 12: 02

CLERK [signature]
SO. DIST. OF GA.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**WAYCROSS DIVISION**

MARVIN TURNER,

Plaintiff,

v.

CIVIL ACTION NO.: CV512-056

JOHN ANDERSON,

Defendant.

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, who is currently incarcerated at Telfair State Prison in Helena, Georgia, filed a cause of action pursuant to 42 U.S.C. § 1983, contesting certain conditions of his confinement while he was housed at Ware State Prison in Waycross, Georgia. Defendant filed a Motion to Dismiss. Plaintiff did not file a Response. For the reasons which follow, Defendant's Motion should be **GRANTED**.

**STATEMENT OF THE CASE**

Plaintiff alleges that Lieutenant Anderson, a disciplinary hearing officer at Ware State Prison, found Plaintiff guilty of certain charges and imposed disciplinary sanctions without adhering to proper procedures applicable to disciplinary proceedings. Specifically, Plaintiff alleges that the disciplinary proceedings were inadequate because he did not have an advocate present at the disciplinary hearing, "non-factual statement", Plaintiff's mental health issues were not considered, "hearing not held within the required 10-days", the sanctions imposed were excessive, Plaintiff was not allowed to

call witnesses or cross-examine witnesses, and "submission of new evidence in which disappeared from Plaintiff's appeal." (Doc. No. 1, p. 13).

Defendant asserts that Plaintiff fails to state plausible due process claims, and his Complaint should be dismissed.

## STANDARD OF REVIEW

Under a Rule 12(b)(6) motion to dismiss, a court must "accept[ ] the allegations in the complaint as true and constru[e] them in the light most favorable to the plaintiff." Belanger v. Salvation Army, 556 F.3d 1153, 1155 (11th Cir. 2009). "A complaint must state a facially plausible claim for relief, and '[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Wooten v. Quicken Loans, Inc., 626 F.3d 1187, 1196 (11th Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" does not suffice. Ashcroft, 556 U.S. at 678.

"The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (internal punctuation and citation omitted). While a court must accept all factual allegations in a complaint as true, this tenet "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient. Id.



AO 72A
(Rev. 8/82)

## DISCUSSION AND CITATION TO AUTHORITY

Defendant contends that Plaintiff fails to state a due process claim because the disciplinary proceeding forming the basis of his cause of action was reversed on appeal. Defendant asserts that Plaintiff had a hearing based on the charge of assaulting another inmate. After the hearing, Defendant alleges, Plaintiff received sanctions. Defendant also alleges that Plaintiff appealed the disciplinary report, and his appeal was upheld. As a result, Defendant avers, Plaintiff's punishment was expunged, resulting in no due process violation.

An inmate states a cognizable claim for the deprivation of his procedural due process rights under the Fourteenth Amendment when he alleges the deprivation of a constitutionally protected liberty or property interest, state action, and constitutionally inadequate process. Shaarbay v. Palm Beach Co. Jail, 350 F. App'x 359, 361 (11th Cir. 2009) (citing Cryder v. Oxendine, 24 F.3d 175, 177 (11th Cir. 1994)). Constitutionally adequate process requires compliance with the minimum due process protections accorded to an inmate in prison disciplinary proceedings: (1) the right to receive written notice of the charges against him at least 24 hours before his hearing; (2) the right to call witnesses and present documentary evidence, where doing so would not be unduly hazardous to institutional safety or correctional goals; and (3) the right to receive a written statement setting forth the disciplinary committee's findings of fact. Asad v. Crosby, 158 F. App'x 166, 173 (11th Cir. 2005) (citing Wolff v. McDonnell, 418 U.S. 539, 563-66 (1974)). In addition, the Supreme Court has held that a finding of "some evidence" in the record to support the decision of a prison disciplinary board is necessary to satisfy the requirements of due process. Kenney v. Barron, 239 F. App'x



AO 72A
(Rev. 8/82)

494, 495 (11th Cir. 2007) (quoting Superintendent, Massachusetts Corr'l Inst. v. Hill, 472 U.S. 445, 455 (1985)). However, even if a plaintiff suffers a procedural due process deprivation during disciplinary hearing proceedings, any deprivation can be cured by the successful utilization of the appeals process. See Baker v. Rexroad, 159 F. App'x 61, 63 (11th Cir. 2005).

Plaintiff asserts in his Complaint that his advocate was not present at the time of the disciplinary hearing, which had been postponed. Plaintiff asserts that Defendant told him that there was no need for an advocate and that Plaintiff was guilty of the charged offense and issued sanctions against Plaintiff. Plaintiff also asserts that his appeal to the Warden was denied. Although Plaintiff mentions that he appealed that denial with the Commissioner, he fails to mention that his appeal was upheld at the Commissioner's Office. Assuming without deciding that the absence of an advocate at Plaintiff's disciplinary hearing violated his right to due process, any violation was cured by Plaintiff's success in the appellate process. Plaintiff has presented no assertion which would make his procedural due process claim plausible.

To the extent Plaintiff seeks to sustain his substantive due process claim, he has presented no factual assertions which would make this claim plausible. Instead, Plaintiff makes a "threadbare recital" in his Complaint that the inmate discipline Standard Operating Procedure presents a State-created liberty interest. This threadbare recital is insufficient to sustain a substantive due process claim as a matter of law. Ashcroft, 556 U.S. at 678.



AO 72A
(Rev. 8/82)

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendant's Motion to Dismiss be **GRANTED**. It is also my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 8th day of April, 2013.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE



AO 72A
(Rev. 8/82)